IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KAREN D. MARCHAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 11-2621-STA-cgc |
| | ) |
| SMITH & NEPHEW, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING IN PART, DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant Smith & Nephew's Motion to Dismiss for Failure to State a Claim (D.E. # 7) filed on May 11, 2012. To date, Plaintiff Karen D. Marchand, who is proceeding *pro se*, has not responded to Defendant's Motion.[1] For the reasons set forth below, the Motion is **GRANTED in part, DENIED in part**.

## BACKGROUND

On July 21, 2011, Plaintiff filed a *Pro Se* Complaint alleging retaliatory discharge in violation of Title VII. (*Pro Se* Complaint D.E. # 1). The pleadings allege that Defendant terminated Plaintiff's employment on September 9, 2010, after Plaintiff questioned the propriety of a relationship between one of her direct reports and the vice-president of Plaintiff's department. Plaintiff alleges that her direct report had previously made complaints of unfair treatment against

---

[1] The Court further notes that Plaintiff failed to appear for the scheduling conference before the United States Magistrate Judge on March 21, 2013.

Plaintiff. The Pro Se Complaint further alleges that Plaintiff was a 20-year employee of Defendant and that Defendant terminated another 34-year employee on the same day Plaintiff was dismissed. Plaintiff attached to her Pro Se Complaint a copy of her charge of discrimination (D.E. # 1-1) in which Plaintiff stated that Defendant informed Plaintiff she was being dismissed for violation of the company's ethics code and company policy. Plaintiff asserts in her charge of discrimination that she was discharged on the basis of her age (45) in violation of the Age Discrimination in Employment Act ("ADEA"). The charge of discrimination does not mention retaliation, and Plaintiff left the box on the form marked "retaliation" unchecked.

In its Motion to Dismiss, Defendant argues that Plaintiff's Pro Se Complaint fails to state any claim for relief. Defendant argues that even though Plaintiff has alleged retaliation in her pleadings, Plaintiff failed to exhaust such a claim by first filing an EEOC charge. Plaintiff's EEOC charge never referred to retaliation and indicated only Plaintiff's claim that Defendant dismissed her because of her age. Even if Plaintiff had properly pursued administrative remedies for her retaliation claim, Plaintiff has failed to plead that she engaged in protected activity. Plaintiff only alleges that she spoke out about a relationship between another Smith & Nephew employee and a vice-president at the company. Such activity is not protected under Title VII. Therefore, Defendant contends that Plaintiff's Pro Se Complaint fails to state a claim for retaliation.[2]

## STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can

---

[2] At the conclusion of its memorandum, Defendant moves "the Court to dismiss any [sic] Plaintiff's Complaint for failing to state a claim upon which relief can be granted and for improper service." *Id.* at 7. Other than this passing reference to improper service, Defendant fails to develop any argument in support of the request to dismiss on these grounds. Therefore, the Court declines to address the issue here.

be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pled allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party.[3] As a general rule, "[t]o avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[4] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[5] "[A] formulaic recitation of the elements of a cause of action will not do."[6]

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[7] Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[8] In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

---

[3] *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007).

[4] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 889, 902 (6th Cir. 2003).

[5] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[6] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

[7] Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus,* 551 U.S. 89, 93 (2007).

[8] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Twombly,* 550 U.S. at 555. *See also Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

[9] *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

the reasonable inference that the defendant is liable for the misconduct alleged."[10]

## ANALYSIS

The Court holds that Plaintiff's Pro Se Complaint fails to state a claim for retaliation. Defendant first argues that Plaintiff failed to exhaust her administrative remedies by filing a charge with the EEOC alleging retaliation. It is well-established that exhaustion of administrative requirements is a precondition to filing a Title VII suit.[11] A plaintiff's failure to exhaust administrative remedies in a timely manner is an affirmative defense, and the defendant bears the burden of pleading and proving this failure.[12] "A motion to dismiss can be premised on an affirmative defense, however, if the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief."[13] The Sixth Circuit has held that a district court does not err in dismissing a discrimination claim based on a failure to file a charge with the EEOC.[14] At the same time, "an EEOC charge filed by lay complainants should be liberally construed because they are unschooled in the technicalities of the law and proceed without counsel."[15] Furthermore, "the judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to

---

[10] *Iqbal,* 556 U.S. at 678.

[11] *McFarland v. Henderson,* 307 F.3d 402, 406 (6th Cir. 2002).

[12] *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008).

[13] *Marsh v. Genentech, Inc.*, 693 F.3d 546, 554-55 (6th Cir. 2012) (quoting 5B Charles Alan Wright, Arthur Miller, Mary Kay Kane & Richard Marcus, *Federal Practice & Procedure* § 1357 at 713 (3d ed. 2004)) (internal quotations marks omitted).

[14] *E.g. Lockett*, 259 F. App'x at 786.

[15] *Tisdale v. Fed. Exp. Corp.*, 415 F.3d 516, 527 (6th Cir. 2005) (internal citations and quotation marks omitted).

grow out of the charge of discrimination."[16]

Applying these principles to Plaintiff's Pro Se Complaint, the Court holds that Plaintiff failed to exhaust her claim for retaliation. Plaintiff has attached her right-to-sue letter and charge of discrimination to her pleadings. The charge of discrimination clearly refers to Plaintiff's claim of age discrimination in violation of ADEA and her date of discharge on September 9, 2010. The charge never referred to Plaintiff's belief that she was terminated in retaliation for engaging in any protected activity. The Court concludes then that an EEOC investigation of Plaintiff's retaliation claim could not reasonably be expected to grow out of her charge. As such, Plaintiff has not exhausted her claim for retaliation. Defendant's Motion must be granted as to the retaliation claim for this reason alone.

Likewise, even if Plaintiff could show that she exhausted her administrative remedies for her retaliation claim, the Court holds that Plaintiff has failed to allege that she engaged in activity protected by Title VII or the ADEA. Plaintiff's Pro Se Complaint simply asserts that Plaintiff was terminated for speaking out about a workplace relationship. Although Plaintiff need not allege specific facts establishing a *prima facie* case of discrimination under the *McDonnell Douglas* framework,[17] her pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"[18] thereby giving "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[19] In *Swierkiewicz*, the Supreme Court found that the

---

[16] *Id.*

[17] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002).

[18] Fed. R. Civ. P. 8(a)(2).

[19] *Swierkiewicz*, 534 U.S. at 512 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

complaint in that case "easily satisfie(d) the requirements of Rule 8(a)" because it "detailed the events leading to (the plaintiff's) termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination."[20] In the case at bar, Plaintiff has not alleged any facts to put Defendant on notice of how her activity was protected under the federal anti-discrimination laws. Therefore, the Court concludes that Plaintiff's Pro Se Complaint fails to state a claim for retaliation upon which relief may be granted against Defendant.[21] Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's retaliation claim.

Finally, Defendant's Motion to Dismiss states that "Plaintiff's only alleged cause of action is a retaliation claim."[22] Plaintiff's narrative states that in addition to her claim of retaliation, she "was an employee of 20 yrs." and that "the same day an employee with 34 years was terminated."[23] Construing the *pro se* pleadings liberally in Plaintiff's favor,[24] the Court holds that Plaintiff's Pro Se Complaint can be read to give adequate notice of her properly exhausted claim of age discrimination. Therefore, the Court will not dismiss Plaintiff's Pro Se Complaint in its entirety, and Defendant's Rule 12(b)(6) Motion must be denied with respect to Plaintiff's age discrimination

---

[20] *Id*. The petitioner in *Swierkiewicz* who was Hungarian alleged that his company which was a French entity discriminated against him on the basis of his national origin.

[21] The Court would add that other courts have concluded that "a complaint that pleads facts in support [of] each element of a *prima facie* case of discrimination . . . necessarily meets *Iqbal*'s requirement that the complaint show more than the 'mere possibility of misconduct[.]'" *Orozco v. City of Murfreesboro,* No. 09–00752, 2009 WL 4042586, at *3 (M.D. Tenn. Nov. 19, 2009).

[22] Def.'s Mot. to Dismiss 2 (D.E. # 7-1).

[23] Pro Se Complaint 3, ¶ 10.

[24] *Pitre v. Cain*, 131 S. Ct. 8, 9 (2010) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

claim.

      Defendant's Motion to Dismiss is **GRANTED in part, DENIED in part**.

      **IT IS SO ORDERED.**

                                      **s/ S. Thomas Anderson**
                                      S. THOMAS ANDERSON
                                      UNITED STATES DISTRICT JUDGE

                                      Date: March 27, 2013.