IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

KAREN D. MARCHAND,

      Plaintiff,

v.                                                Case 2:11-cv-02621-STA-cgc

SMITH & NEPHEW,

      Defendant.

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

Before the Court is Defendant Smith & Nephew's Motion to Dismiss for Failure to Prosecute (Docket Entry "D.E." #15), filed pursuant to Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure. The instant motion has been referred to the Magistrate Judge for Report and Recommendation. (D.E. #12). For the reasons set forth herein, it is recommended that Defendant's Motion to Dismiss be GRANTED.

**I. Background**

Plaintiff Karen D. Marchand filed a pro se Complaint under Title VII of the Civil Rights Act of 1964 on July 21, 2011 alleging that her employment was wrongfully terminated. On April 2, 2013, the Magistrate Judge entered a Scheduling Order requiring that all initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure be provided by April 4, 2013 and that all discovery, including depositions, interrogatories, and requests for admissions, be completed by November 21, 2013.

On April 4, 2013, Smith & Nephew provided its Rule 26(a) disclosures to Plaintiff via certified mail. (Aff. of Russell W. Jackson ("Jackson Aff.") ¶ 5). Plaintiff neither provided Smith & Nephew with her Rule 26(a) disclosures by the April 4, 2013 deadline nor has she provided them to date. (*Id.* ¶ 7).

On April 12, 2013, Smith & Nephew served its First Set of Interrogatories and Requests for Production of Documents, Electronically Stored Information, and Tangible Things to Plaintiff. (*Id.* ¶ 6). Pursuant to the Federal Rules of Civil Procedure, Plaintiff's responses to Defendant's discovery requests were due within thirty days after being served with them. Fed. R. Civ. P. 33(b)(2). Plaintiff failed to provide any timely responses and did not request an extension of the deadline. (Jackson Aff. ¶ 8).

On June 13, 2013, Smith & Nephew's counsel sent Plaintiff a letter notifying her that Smith & Nephew had not received any responses to its written discovery requests and/or Initial Disclosures. (*Id.* ¶ 9) Defendant's counsel advised Plaintiff to contact him "immediately" regarding these issues and asked her to notify him if she required additional time to respond. (*Id.* ¶ 10). Defendant's counsel further advised Plaintiff that he would file a Motion to Dismiss for failure to prosecute if she failed to contact him by June 28, 2013. (*Id.* ¶ 9). To date, Plaintiff has not responded to Smith & Nephew's First Set of Interrogatories or Requests for Production of Documents, Electronically Stored Information, and Tangible Things to Plaintiff. (*Id.* ¶ 11).

On August 14, 2013, Smith & Nephew filed the instant motion stating that Plaintiff has failed to engage in any discovery, has failed to comply with the Court's Scheduling Order, and has failed to prosecute her lawsuit. Local Rule 12.1 required Plaintiff to file a response to this motion within twenty-eight days after the motion is served. Plaintiff failed to do so.

On October 15, 2013, the Magistrate Judge entered an Order to Show Cause as to why the Court should not consider the Motion on the record before it and enter a Report and Recommendation recommending to the District Court that the Motion to Dismiss be granted pursuant to Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure. The Court's electronic court filing ("ECF") system reflects that the Order to Show Cause was sent to Plaintiff via certified mail on October 15, 2013 and that the Court received a Domestic Return Receipt showing that it had been delivered to "K. Marchand" on October 23, 2013 (D.E.#17). Plaintiff failed to timely respond to the Court's Order to Show Cause and has not responded to date.

**II. Proposed Analysis**

Rule 37 of the Federal Rules of Civil Procedure provides that a court may dismiss an action if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(b)(2)(A)(v), 37(d)(1)(A)(ii), 37(d)(3). Rule 41(b) of the Federal Rules of Civil Procedure provides that, "[i]f a plaintiff fails to prosecute or to comply with these rules or a court order," the matter may be involuntarily dismissed for failure to prosecute. Fed. R. Civ. P. 41(b). "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." *Id.* Although the language of Rule 41(b) appears to require a motion by the defendant, the Supreme Court has recognized that the "district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48 (1991) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-32 (1962)).

Whether a court dismisses an action pursuant to Rule 37 or Rule 41, the Sixth Circuit considers the same four factors: (1) whether the party's failure to cooperate in discovery is due to

3

willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997) (quoting *Regional Refuse Sys., Inc. v. Inland Reclamation, Inc.*, 842 F.2d 150, 153-55 (6th Cir. 1997)).

Upon consideration of these four factors, Plaintiff has been advised by the Court's Scheduling Order, by the Federal Rules of Civil Procedure, by opposing counsel, and by the Court's Order to Show Cause of her discovery obligations. As Plaintiff has continued to disregard these obligations, Plaintiff's conduct evidences willfulness, bad faith, and fault. Accordingly, this factor weighs in favor of dismissal pursuant to Rule 37(d) and Rule 41(b).

With respect to the prejudice to the opposing party, Smith & Nephew has not been able to obtain any information from Plaintiff regarding the allegations in her Complaint. Smith & Nephew asserts that it has been rendered powerless to properly defend the lawsuit because of Plaintiff's failure to comply with her discovery obligations. Additionally, the Sixth Circuit has held that a defendant is prejudiced when a plaintiff fails to appear for a Rule 16(b) Scheduling Conference, as Plaintiff failed to do on March 21, 2013. *Carthon v. Central State University*, 290 F.R.D. 83, 87 (S.D. Ohio 2013) (quoting *Rogers v. City of Warren*, 302 Fed. Appx. 371, 377-78 (6th Cir. 2008)). The Court agrees that Smith & Nephew has been prejudiced by Plaintiff's failures. Accordingly, this factor weighs in favor of dismissal pursuant to Rule 37(d) and Rule 41(b).

With respect to whether Plaintiff was warned that her failure to cooperate may result in dismissal, she was warned both by opposing counsel in his June 13, 2013 letter, by the language of

4

Rules 37(d) and 41(b), and, most importantly by the Court in its Order to Show Cause. Additionally, the Sixth Circuit has held that an opposing party's filing of a motion to dismiss provides a party with notice that the court is contemplating dismissal of the action. *Harmon*, 110 F.3d at 368. Accordingly, this factor weighs in favor of dismissal pursuant to Rule 37(d) and Rule 41(b).

With respect to whether less drastic sanctions were imposed or considered before dismissal was ordered, the Court's Order to Show Cause permitted Plaintiff an opportunity to respond and avoid dismissal even after her repeated failures to comply with her discovery obligations. Plaintiff failed to avail herself of this opportunity and, in doing so, demonstrated her disregard for the Court and of her responsibilities to opposing counsel. Accordingly, this factor weighs in favor of dismissal pursuant to Rule 37(d) and Rule 41(b).

### III. Conclusion

As all factors weigh in favor of dismissal of Plaintiff's Complaint, it is recommended that Smith & Nephew's Motion to Dismiss for Failure to Prosecute pursuant to Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure be GRANTED.

**DATED** this 14th day of November, 2013.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**